IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:15CR00070 |
| ) | (Civil Action No. 7:20CV81427) |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT EDWARD CLAYTOR, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Robert Edward Claytor, through counsel, has moved to vacate his federal conviction and sentence under 28 U.S.C. § 2255 based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). For the following reasons, the motion will be denied.

**Background**

On August 13, 2015, a grand jury in the Western District of Virginia returned a three-count indictment against Claytor. Count One charged Claytor with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

On January 21, 2016, Claytor entered a plea of guilty to Count One of the indictment pursuant to a written plea agreement. During the plea hearing, the court asked Claytor to explain what he had done to believe that he was guilty of the offense charged in Count One. In response, Claytor acknowledged under oath that he "did possess a firearm" and that he "had . . . been convicted of a felony at some point in [his] earlier life." See Plea Hr'g Tr. 30, ECF No. 47-4. When asked to provide an example of a prior felony conviction, Claytor advised the court that he had "been convicted of felony . . . stealing" on several occasions, in addition to "habitual driving." Id. at 31.

The court then called upon the Assistant United States Attorney ("AUSA") to offer evidence in support of the proposed plea of guilty. Proceeding by proffer, the AUSA summarized the government's evidence as follows:

> The facts are that on or about May 15, 2015, a Roanoke County police officer, acting in his capacity as a member of the U.S. Marshals Capital Area Regional Fugitive Task Force, received information that the defendant, Robert Edward Claytor, a wanted fugitive, was staying at the Apple Valley Motel in Roanoke, Virginia, with a firearm on his person.
>
> During surveillance of the Apple Valley Motel on the same date, task force officers witnessed the defendant, Robert Claytor, and a female carrying what appeared to be personal effects to the rear passenger area of a gold Chrysler Sebring.
>
> The officers approached the car and ordered the defendant, the female, and the male driver of the vehicle to raise their hands into the air. The female and the male driver immediately complied. The defendant, Robert Claytor, kept his hands near his waist as the officers instructed him several times to get his hands into the air, and then tossed an item into the backseat of the vehicle before raising his hands as requested.
>
> The defendant was subsequently arrested on outstanding warrants. Upon arrest, officers located on the defendant's person a quantity of cash money, drug paraphernalia, and a clear plastic bag containing substances that tested positive for methamphetamine.
>
> . . . .
>
> The driver of the Chrysler Sebring gave consent to search his vehicle. During the search, officers located a handgun in one of the bags that the defendant, Robert Claytor, had carried from the hotel room.
>
> Officers determined that this handgun, a Hi-Point 9-millimeter pistol, Model C-9, Serial Number P1779078, had been reported stolen in Roanoke City on or about September the 27th, 2014.
>
> When asked if he had the handgun for personal protection, the defendant said, "You could say that."

> The firearm in Mr. Claytor's possession is a firearm designed to expel a projectile by means of an explosion. Because one or more parts of this firearm had been manufactured outside the state of Virginia, it had traveled in interstate commerce.
>
> And at the time of Claytor's possession, he was a convicted felon who had not been granted clemency.

Id. at 32–33. When asked if the AUSA's summary of the evidence was consistent with Claytor's understanding as to what the government would have been able to prove if the case had gone to trial, Claytor responded in the affirmative. Id. at 34.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR") that summarized Claytor's offense conduct and his criminal history. The PSR listed at least ten prior convictions for felony offenses, including possession of a firearm by a convicted felon. The PSR calculated a total offense level of 23 and a criminal history category of VI, which resulted in a recommended range of imprisonment of 92 to 115 months under the United States Sentencing Guidelines.

Claytor appeared for sentencing on May 6, 2016. At that time, the court adopted the PSR and sentenced Claytor to a term of imprisonment of 98 months, to be served consecutive to certain sentences imposed by the Circuit Courts for the City of Roanoke and the County of Roanoke. Claytor did not appeal his conviction or sentence.

On June 20, 2020, Claytor filed a motion to vacate under 28 U.S.C. § 2255, arguing that his guilty plea is void in light of the Supreme Court's decision in Rehaif. The motion has been fully briefed and is ripe for disposition.

3

**Discussion**

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Claytor seeks to collaterally attack the validity of his conviction and sentence for violating 18 U.S.C. § 922(g)(1). Section 922(g)(1) makes it unlawful for a defendant previously convicted of a crime punishable by a term of imprisonment exceeding one year to ship, transport, receive, or possess a firearm which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). "A separate provision, § 924(a)(2), adds that anyone who 'knowingly violates' [§ 922(g)] shall be fined or imprisoned for up to 10 years." Rehaif, 139 at 2194.

In Rehaif, the Supreme Court held that "the word 'knowingly' [in § 924(a)(2)] applies both to the defendant's conduct and to the defendant's status." Id. Therefore, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[1] Id. at 2200 (emphasis added). When a defendant is charged under § 922(g)(1), the relevant category consists of "convicted felons." United States v. Weaver, 659

---

[1] In so holding, Rehaif "abrogated the prior precedent of this Circuit, which did not require proof of a defendant's knowledge that he belonged to the relevant category." United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2020) (en banc) (citing United States v. Langley, 62 F.3d 602, 604–06 (4th Cir. 1995) (en banc)).

F.3d 353, 355 (4th Cir. 2011); see also United States v. Beck, 957 F.3d 440, 450 (4th Cir. 2020) ("The felon-in-possession provision, 18 U.S.C. § 922(g)(1), . . . requires a jury to find that the defendant knew that he both possessed a firearm and had a prior felony conviction.") (citing Rehaif, 139 S. Ct. at 2194).

Claytor now argues that his conviction is void in light of Rehaif. In particular, Claytor contends that his guilty plea was not knowing or voluntary because the court did not inform him that the government would be required to prove that he knew he was a convicted felon at the time he possessed a firearm. In response, the government argues that Claytor procedurally defaulted this claim by not challenging the validity of his guilty plea on direct appeal.[2] For the following reasons, the court agrees with the government.

The Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." Bousley v. United States, 523 U.S. 614, 621 (1998). As a general rule, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Id. In this case, Claytor did not challenge the validity of his guilty plea on direct appeal. As a result, his Rehaif claim is procedurally defaulted. See id. at 616, 621 ("[P]etitioner contested his sentence on appeal, but did not challenge the validity of his plea. In failing to do so, petitioner procedurally defaulted the claim he now presses on us"— namely, "that his guilty plea was not knowing and intelligent because he was misinformed by the District Court as to the nature of the charged crime.").

---

[2] Although the matter remains unsettled, the government "accepts that Rehaif is retroactive on collateral review." Resp. Opp'n 7, ECF No. 48.

5

To overcome such procedural default, a petitioner must establish "(1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom." United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012) (quoting Bousley, 523 U.S. at 622).  Here, Claytor does not attempt to argue that he is actually innocent of violating § 922(g)(1).  Consequently, his procedural default may be excused only if he demonstrates "cause and actual prejudice."  Bousley, 523 U.S. at 622 (internal quotation marks and citations omitted).

Claytor argues that cause exists here because the legal basis for his claim was not reasonably available to counsel in light of the broad consensus among the circuits prior to Rehaif. The Supreme Court has held that "a claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." Id. (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  On the other hand, a petitioner cannot establish cause for failing to raise a claim on direct appeal if the reason for his decision was that the claim would have been futile under then-existing precedent.  See id. (emphasizing that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time") (internal quotation marks and citations omitted).

Several district courts in this Circuit, including the Western District of Virginia, have rejected the novelty argument on which Claytor relies. See, e.g., Jones v. United States, No. 1:116-cr-00094, 2020 U.S. Dist. LEXIS 233786, at *18 (W.D.N.C. Dec. 11, 2020) ("To the extent that Petitioner argues that he is excepted from the procedural default rule because Rehaif is novel, such claim is unavailing . . . . Petitioner has demonstrated, at most, futility but he has failed to demonstrate that the claim was unavailable."); United States v. Vasquez-Ahumada, No. 5:18-cr-00005, 2020 U.S. Dist. LEXIS 104568, at * (W.D. Va. June 15, 2020) (Dillon, J.) ("[W]hile cause

6

can be established if a constitutional claim is so novel that its legal basis is not reasonably available to counsel, Vazquez-Ahumada's Rehaif claim is not such a claim.") (internal quotation marks and citation omitted); United States v. Mayo, No. 4:12-cr-00032, 2020 U.S. Dist. LEXIS 84771, at *5 (W.D. Va. May 13, 2020) (Kiser, J.) ("Given the plethora of challenges levied against § 922(g), Petitioner's claim does not qualify as novel . . . ."); but see Merritt v. United States, No. 4:10-cr-00054, 2020 U.S. Dist. LEXIS 209813, at *15 (E.D. Va. Nov. 9, 2020) (holding that the petitioner's claim was unavailable prior to Rehaif and that he therefore established cause for failing to raise it on direct review). However, even if Claytor could show cause for the default, he is unable to establish actual prejudice. See United States v. Frady, 456 U.S. 152, 168 (1982) (finding it unnecessary to determine whether the petitioner had shown cause for the procedural default since "he suffered no actual prejudice of a degree sufficient to justify collateral relief").

To establish prejudice sufficient to excuse the procedural default and obtain collateral relief, Claytor "must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166. In particular, Claytor must show that that the Rehaif error "worked to his actual and substantial disadvantage," not merely that it "created a possibility of prejudice." Id. at 170; see also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) (holding that "the Frady cause and prejudice standard applies to . . . collateral challenges to unappealed guilty pleas").

Claytor has not argued that he can meet the actual-prejudice standard, and the court is convinced that he is unable to do so. The government's obligation to prove a defendant's knowledge of his status as a convicted felon is not "burdensome," as "knowledge can be inferred from circumstantial evidence." Rehaif, 139 S. Ct. at 2198 (quoting Staples v. United States, 511 U.S. 600, 615 n.11 (1994)); see also United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020)

7

("Demonstrating prejudice under Rehaif will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."). In this case, there is overwhelming evidence that Claytor had knowledge of his status as a convicted felon. During the plea hearing, Claytor acknowledged that he had been convicted of several felony offenses in his earlier life. The subsequent PSR identified ten prior convictions for felony offenses. Four of the previous convictions resulted in an active sentence of more than one year, and one was for possession of a firearm by a convicted felon. Such evidence plainly "rebuts any suggestion that the Petitioner did not know of his status as a convicted felon." Cherry v. United States, ___ F.3d ___, No. 2:20-cv-00298, 2020 U.S. Dist. LEXIS 206566, at *4 (E.D. Va. Nov. 4, 2020) (citing United States v. Huntsberry, 956 F.3d 270, 285 (5th Cir. 2020)); see also Merritt, 2020 U.S. Dist. LEXIS 209813, at *23 (E.D. Va. Nov. 9, 2020) ("[C]onsistent with sister jurisdictions, this Court finds that Petitioner's previous felony convictions made him aware of his membership in the prohibited class of people under § 922(g)(1).") (citations omitted).

Additionally, after being convicted of a felony offense in state court, Claytor signed a probation form that specifically advised him that 18 U.S.C. § 922(g) "makes the receipt, possession or transportation of any firearm by a person convicted of a felony in a Federal or State court punishable as a felony." ECF No. 47-2. The form then provided the following warning:

> As a felon, therefore, you do not have the privilege to hunt with a firearm and certainly do not have the privilege to purchase, own or carry a firearm. You are being advised of this Law for your own protection. Should you violate this Law, you will bear full responsibility.

Id. (emphasis in original).

In short, the government could have easily proven that Claytor knew he was a convicted felon at the time he possessed a firearm, since there is overwhelming evidence to establish this element. Moreover, the record is devoid of any evidence suggesting that Claytor would not have pled guilty if he had known that such proof was required. Therefore, the court concludes that Claytor cannot establish the prejudice necessary to excuse his procedural default.

Finally, the court rejects Claytor's argument that he is not required to establish actual prejudice in light of the decision by the United States Court of Appeals for the Fourth Circuit in United States v. Gary, 954 F.3d 194 (4th Cir. 2020), petition for cert. filed, No. 20-444 (U.S. Oct. 7, 2020). In Gary, the Court held that the district court's failure to inform the defendant of the Rehaif element during a plea hearing was a "structural" error that "satisfie[d] plain error review" even without a case-specific showing of prejudice.[3] Id. at 200, 202. As other district courts have noted, however, Gary was decided in the context of a direct appeal, and the decision "says nothing about whether a § 2255 petitioner must show cause and prejudice to excuse a procedural default." Cherry, 2020 U.S. Dist. LEXIS 206566, at *5 n.2. The Supreme Court has made clear that a

---

[3] It appears that "Gary stands alone" in holding that the failure to notify a defendant of the Rehaif element is a structural error that automatically meets the prejudice prong of the plain-error test. MacArthur v. United States, No. 2020 U.S. Dist. LEXIS 227120, at *5–6 (D. Me. Dec. 3, 2020); see also United States v. Gary, 963 F.3d 420, 420 (4th Cir. 2020) (Wilkinson, J., concurring in the denial of rehearing en banc) (emphasizing that the panel's decision in Gary "creates a circuit split of yawning proportions" and "is so incorrect and on an issue of such importance that . . . the Supreme Court should consider it promptly"). Since Gary was decided, several circuit courts "have expressly rejected the argument that a district court's failure to notify a defendant of Rehaif's knowledge-of-status element at a plea hearing counts as a structural error." United States v. Watson, 820 F. App'x 397, 401 (6th Cir. 2020); United States v. Coleman, 961 F.3d 1024, 1028–30 (8th Cir. 2020); United States v. Trujillo, 960 F.3d 1196, 1201–08 (10th Cir. 2020); United States v. Hicks, 958 F.3d 399, 401 (5th Cir. 2020); United States v. Maez, 960 F.3d 949, 957–58 (7th Cir. 2020). "Others have . . . rejected Rehaif arguments under the prejudice prong of the plain-error test." Watson, 820 F. App'x at 401 (citations omitted). In any event, while Gary remains good law in the Fourth Circuit, it does not—for the reasons stated herein—control the outcome of this case on collateral review.

petitioner must meet a "significantly higher" standard to obtain relief on collateral review. Frady, 456 U.S. at 166. In light of this admonition, this court, like other district courts in the Fourth Circuit, concludes that Gary does not relieve Claytor of the burden of demonstrating actual prejudice to excuse his procedural default. See, e.g., Cherry, 2020 U.S. Dist. LEXIS 206566, at *5 n.2; United States v. Asmer, No. 3:16-cr-00423, 2020 U.S. Dist. LEXIS 217919, at *12, 21 (D.S.C. Nov. 20, 2020); Merritt, 2020 U.S. Dist. LEXIS 209813, at *16 (E.D. Va. Nov. 9, 2020); McCauley v. United States, No. 1:13-cr-00423, 2020 U.S Dist. LEXIS 181860, at *21 (M.D.N.C. Sept. 4, 2020); see also Weaver v. Massachusetts, 137 S. Ct. 1899, 1913 (2017) (holding that the petitioner was required to establish prejudice resulting from a structural error raised for the first time in the context of an ineffective-assistance claim).

## Conclusion

For the reasons stated, the court concludes that Claytor's claim under Rehaif is procedurally defaulted and that he has not shown actual prejudice or innocence to overcome the default. According, his § 2255 motion will be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Claytor and all counsel of record.

DATED: This 7th day of January, 2021.

_____
Senior United States District Judge